J-S23042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| TROY TAQUELL ALVIN | : | |
| | : | |
| Appellant | : | |
| | : | No. 2792 EDA 2015 |

Appeal from the PCRA Order July 20, 2015
in the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001323-2003

BEFORE: PANELLA, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 23, 2016**

Appellant, Troy Taquell Alvin, appeals from the order dismissing his fifth Post Conviction Relief Act[1] ("PCRA") petition as untimely, after an evidentiary hearing. He contends that his 2014 discovery of his personal state identification card, issued in November 2001, fulfills the after-discovered evidence requirement and thus overcomes the timeliness bar. We affirm.

We adopt the PCRA court's facts and procedural history. PCRA Ct. Op., 7/20/15, at 1-4. Appellant timely appealed and timely filed a court-ordered Pa.R.A.P. 1925(b) statement. Appellant raises the following issues:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

> Appellant timely filed his fifth PCRA petition after discovering his appearance on his state-issued non-driver's license identification card.
>
> Appellant's state-issued non-driver's license identification card was after-discovered evidence that could not have been obtained before the conclusion of the trial by reasonable diligence; was not merely corroborative or cumulative; would not have been used solely for purposes of impeachment; and was of such a nature and character that a different outcome would have been likely had the evidence been introduced.

Appellant's Brief at 4.

Appellant contends he discovered his 2001 state-issued identification card in February 2014, and thus timely filed the instant fifth PCRA petition.[2] on February 26, 2014. He acknowledges he possessed the card prior to trial "but was unaware of his exact appearance as depicted" on the card. *Id.* at 11. Appellant claims he could not obtain a copy of the card until recently, when he could "verify that his photograph on the state ID card [issued in November 2001] accurately reflected his appearance at the time of the shooting" in March 2002. *Id.* at 11-12. We hold Appellant is due no relief.

Before addressing the merits of Appellant's claims, we examine whether we have jurisdiction to entertain the underlying PCRA petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999). "Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining

---

[2] Appellant's PCRA petition is dated February 26, 2014; the court docketed it on March 3, 2014. *See generally Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (discussing prisoner mailbox rule).

whether the PCRA court's determination is supported by the evidence of record and free of legal error." **Commonwealth v. Wilson**, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*) (citation omitted). A PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." **Commonwealth v. Copenhefer**, 941 A.2d 646, 648 (Pa. 2007) (citations and footnote omitted).

Instantly, Appellant's judgment of sentence became final on July 3, 2006, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. Appellant filed the instant PCRA petition on February 26, 2014, almost eight years later. Thus, this Court must discern whether the PCRA court erred by holding Appellant did not plead and prove one of the three timeliness exceptions. **See** 42 Pa.C.S. § 9545(b)(1)(i)-(iii); **Copenhefer**, 941 A.2d at 648.

"[S]ubsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of 'after-discovered evidence.' Rather, it simply requires petitioner to allege and prove that there were 'facts' that were 'unknown' to him and that he exercised 'due diligence.'" **Commonwealth v. Bennett**, 930 A.2d 1264, 1270 (Pa. 2007) (footnote omitted). "Due diligence requires that [the defendant] take . . . steps to protect his own interests." **Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa. Super. 2001). "If the

petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." **Bennett**, 930 A.2d at 1272.  As set forth by our Supreme Court:

> To warrant relief, after-discovered evidence must meet a four-prong test: (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely.

**Commonwealth v. Dennis**, 715 A.2d 404, 415 (Pa. 1998).

After careful review of the record, the parties' briefs, and the well-reasoned opinion by the Honorable Emil Giordano. we affirm on the basis of the PCRA court's opinion.  **See** PCRA Ct. Op. at 6-11 (holding Appellant failed to (1) plead governmental interference prevented him from obtaining a copy of his state identification card earlier; (2) establish his due diligence to procure the card prior to trial; and (3) establish that the outcome of the trial would have been different if his November 2001 card was introduced because the murder occurred in March 2002).  Accordingly, we agree with the PCRA court's determination that Appellant did not properly invoke any one of the three timeliness exceptions.  **See Copenhefer**, 941 A.2d at 648; **Fahy**, 737 A.2d at 223.  Thus, the PCRA court lacked jurisdiction.  **See Fahy**, 737 A.2d at 223.  Having discerned no error of law, we affirm the order below.  **See Wilson**, 824 A.2d at 333.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/23/2016

IN THE COURT OF COMMON PLEAS OF NORTHAMPTON COUNTY
COMMONWEALTH OF PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA,

VS.

TROY T. ALVIN,
      DEFENDANT.

NO. C-48-CR-1323-2003

## OPINION

Before the Court is Troy Alvin's ("Defendant") fifth Petition for Post-Conviction

Collateral Relief ("PCRA Petition" or "Petition"), which he filed pro se on March 3, 2014. As

more fully set forth below, said Petition is untimely and it does not qualify for any of the

exceptions to the timeliness requirement of the PCRA.[1] Accordingly, this Court is without

jurisdiction to consider the merits of Defendant's Petition.

### I.     Factual And Procedural History

On January 30, 2003, Defendant was charged with Criminal Homicide[2] arising out of an

incident alleged to have occurred on March 11, 2002.[3] From February 9, 2004, to February 16,

2004, Defendant was tried before a jury, and ultimately found guilty of first-degree murder.

Thereafter, the Honorable Edward G. Smith ("Judge Smith") sentenced Defendant to a term of

---

[1] 42 Pa. C.S.A. § 9545 *et seq.*

[2] 18 Pa. C.S.A § 2501(A).

[3] The facts and circumstances surrounding the incident on March 11, 2002, as well as the evidence presented at trial which supported Defendant's conviction, can be examined in the Honorable Edward G. Smith's August 8, 2013 Opinion denying Defendant's fourth PCRA petition.

1

life imprisonment in a State Correctional Institution.[4] On February 26, 2004, Defendant filed a Post-Sentence Motion, which was denied by Judge Smith on June 30, 2004. Defendant then filed a timely appeal to the Superior Court of Pennsylvania, which deemed Defendant's appeal meritless and affirmed his judgment of sentence on June 28, 2005.[5]

On June 19, 2006, Defendant filed a *pro se* Motion for Post-Conviction Collateral Relief, which was denied following a hearing on August 18, 2006.[6] Defendant appealed said denial on August 23, 2006, and on December 9, 2008, the Superior Court affirmed the Court's denial of the same.[7]

On April 22, 2009, Defendant, proceeding *pro se*, filed a second Motion for Post-Conviction Collateral Relief.[8] After holding a hearing on said petition, the Court granted Defendant's requested reinstatement of his right to file a petition for allowance of appeal with the Supreme Court of Pennsylvania, permitting him to challenge the Superior Court's affirming the denial of his first PCRA petition. Defendant filed said appeal on September 30, 2009, which the Pennsylvania Supreme Court denied on March 31, 2010.

Thereafter, on May 6, 2010, Attorney Victor Scomillio filed a third petition for Post-Conviction Collateral Relief on Defendant's behalf. During the pendency of that petition, Defendant filed his own *pro se* PCRA petition. After an evidentiary hearing, Defendant's third

[4] Judge Smith presided over this matter through the resolution of Defendant's fourth PCRA petition. See infra note 12 for further explanation as to how the instant matter was brought before the undersigned.

[5] On July 28, 2005, Defendant filed a petition for allowance of appeal to the Supreme Court of Pennsylvania which said Court denied on April 4, 2006.

[6] Judge Smith appointed Mark S. Refowich, Esquire as Defendant's counsel for purposes of his first PCRA petition.

[7] Defendant filed a *pro se* Application for Reconsideration of Order on December 29, 2008, which the Superior Court denied on January 9, 2009. Defendant also filed an Application for Relief in the Superior Court on February 24, 2009, which was denied on March 4, 2009. No petition for allowance of appeal was filed with the Supreme Court of Pennsylvania.

[8] Judge Smith appointed Victor E. Scomillio, Esquire, as Defendant's counsel for purposes of his second PCRA petition.

2

PCRA petition was denied by an Order of Court entered on June 11, 2010.[9] Subsequently, on July 1, 2010, Defendant filed a Notice of Appeal to the Superior Court, which affirmed the Court's denial of Defendant's third PCRA petition on October 25, 2011.[10]

Defendant filed a fourth *pro se* PCRA petition on June 17, 2013. Accordingly, Judge Smith entered a Notice of Intent to Dismiss PCRA Petition without a Hearing on June 25, 2013, and on August 8, 2013, entered an Order denying the same.

On March 3, 2014, Defendant, proceeding *pro se*, filed a fifth Petition for PCRA relief.[11] On April 9, 2014, the instant matter was designated to the undersigned,[12] and on May 5, 2014, this Court appointed Christopher M. Brett, Esquire to assist Defendant with the instant PCRA Petition, and granted Defendant's request to proceed *in forma pauperis*. After holding a PCRA Hearing on August 6, 2014, this Court received correspondence from Defendant seeking a sixty (60) day extension in which to file any additional documents relating to the instant PCRA Petition. Defendant also set forth that he no longer required the services of Attorney Christopher Brett. This Court granted Defendant's request for an extension of time on August 29, 2014, and an Order of Court was entered on October 2, 2014, by President Judge Stephen

---

[9] In addition, Judge Smith ordered that Attorney Scomillio be permitted to withdraw as Defendant's counsel.

[10] Defendant filed a petition for allowance of appeal to the Supreme Court of Pennsylvania on November 23, 2011, which the Court denied on June 26, 2012.

[11] Defendant, in his *pro se* Petition for PCRA relief, asserted prosecutorial misconduct due to his assertion that the Commonwealth withheld his non-drivers Pennsylvania Department of Transportation State Identification Card ("State ID Card") which portrayed his picture at the time of the incident. Specifically, Defendant asserted that had his State identification card been produced at trial to compare to the composite sketch and mug-shots that were presented, a jury may have been swayed to find him not guilty of murder. The Defendant asserted the exceptions in 42 Pa. C.S.A. § 9545(b)(1)(i) & (ii) to argue that once he came into possession of his State ID Card on February 20, 2014, the instant fifth PCRA Petition followed on March 3, 2014, within sixty (60) days of his discovering this "new evidence".

[12] The undersigned was assigned the instant matter due to the Honorable Edward G. Smith's confirmation to a seat on the Federal District Court for the Eastern District of Pennsylvania on March 26, 2014. As such, this matter was originally reassigned to the Honorable Jennifer Sletvold, however, the matter was reassigned for a second time to the undersigned for final disposition.

G. Baratta vacating the representation of Attorney Christopher Brett and appointing Matthew Deschler, Esquire to represent Defendant.

On October 8, 2014, Defendant, through his attorney Matthew Deschler, filed a Motion for Extension of Time until December 31, 2014, at which time counsel indicated that he would file an amended PCRA Petition, a praecipe for an issue-framing conference, and/or a no merit letter. This Court granted said request via an Order of Court on October 9, 2014.

On May 29, 2015, this Court held a hearing on the instant PCRA Petition. At the conclusion of said hearing, this Court set a schedule for the parties to file their respective briefs.[13] Upon examination of said briefs, the record in the instant matter, and the applicable law, this matter is ready for disposition.

## II. Applicable Law

To be eligible for relief under the Post-Conviction Relief Act, the petitioner must plead and prove by a preponderance of the evidence the following:

> (2) That the conviction or sentence resulted from one or more of the following:
>
> > (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
> >
> > (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

---

[13] This Court received Defendant's brief on June 26, 2015, and the Commonwealth's brief on June 29, 2015.

4

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted by statute.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial…, or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa. C.S.A. § 9543(a)(2-4). See also Commonwealth v. Miller, 888 A.2d 624, 630 (Pa. 2005) (holding that the burden in a PCRA motion is on the petitioner to prove, by a preponderance of the evidence, one or more of the grounds set forth in 42 Pa. C.S.A. § 9543(a)(2), (3), and (4)).

As a general rule, a PCRA petition, including a second or subsequent petition, must be filed within one (1) year of the date that the judgment of sentence becomes final, which is at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking such review. See 42 Pa. C.S.A. § 9545(b)(1) & (b)(3).

The one (1) year timing restriction is jurisdictional in nature and must be strictly

5

construed. See Commonwealth v. Stokes, 959 A.2d 306 (Pa. 2008). However, the PCRA allows for the filing of a petition beyond the one year time frame under certain circumstances; specifically, that

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa. C.S.A. §9545(b)(1)(i)-(iii).

### III.    Discussion

### A.    Timeliness of Petition

Defendant's judgment of sentence became final on July 3, 2006, ninety (90) days after the Supreme Court of Pennsylvania denied his petition for allowance of appeal on April 4, 2006. See U.S. Sup. Ct. R. 13(1).[14] Accordingly, Defendant had to file the instant PCRA Petition on or before July 3, 2007. Since the instant Petition was not filed until March 3, 2014, almost seven (7) years after his judgment of sentence became final, the instant Petition is facially untimely.

Nevertheless, this Court acknowledges that the PCRA provides exceptions to the one-year filing requirement at 45 Pa. C.S.A. §9545(b)(1), as set forth supra. Accordingly, the PCRA provides that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed

---

[14] "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."

within 60 days of the date the claim could have been presented." 42 Pa. C.S.A. § 9545(b)(2). It is Defendant's burden to prove that one or more of the timeliness exceptions applies, and a petitioner fails to satisfy the sixty (60) day requirement of § 9545(b), if he or she fails to explain why, with the exercise of due diligence, the claim could not have been filed earlier. See Commonwealth v. Marshall, 947 A.2d 714, 719-20 (Pa. 2008) (citations omitted).

## B.    Newly Acquired Evidence

In support of the instant Petition, Defendant notes that at the time of trial, the Commonwealth presented the testimony of a witness who claimed to have observed someone passing through his backyard shortly after the murder. That same witness also assisted the police in compiling a composite sketch of that individual. However, that witness never identified Defendant either prior to or at trial. [N.T. 9:7-12, May 29, 2015]. Nevertheless, as Defendant sets forth in his brief, during his trial testimony, the witness "endorsed the composite sketch as depicting the individual he observed in his backyard." [Def's Br. at page 5].

As such, Defendant argues that had his State-issued Photo Identification Card ("State ID Card"), which was issued to him on November 6, 2001, been presented at trial, it would have shown his physical characteristics at the time of the March 11, 2002 homicide, and would have served to impeach the testimony of the Commonwealth's eye-witness and exonerated the Defendant of the murder charge.

Before reaching the merits of Defendant's argument, the Court must first determine the timeliness of the instant Petition. As stated supra, any petition filed more than one year after a disposition becomes final must establish one of the exceptions enumerated in 42 Pa. C.S.A. § 9545(b)(1). In the instant Petition, Defendant seeks to establish the following two grounds: (1)

7

that "the failure to raise the claim previously was the result of interference by government officials" and that (2) "the facts upon which the claim is predicated were unknown to the petitioner and could not have been [previously] ascertained by the exercise of due diligence." 42 Pa. C.S.A. §9545(b)(1).

Regarding Defendant's argument that the failure to raise the instant claim previously was the result of interference by government officials, Defendant appears to assert a Brady violation by alleging that his State ID Card was in the possession of the Commonwealth at the time of trial and not produced to defense in discovery. See Brady v. Maryland, 373 U.S. 83 (1963). Under Brady, a defendant may seek and obtain redress for the prosecution's destruction or withholding of material evidence in the defendant's favor. However, in order to establish a Brady violation, Defendant must prove that (1) the evidence was favorable to the accused either because it was exculpatory or because it impeaches; (2) the evidence was suppressed by the prosecution either willfully or inadvertently; (3) and prejudice ensued. Commonwealth v. Lambert, 884 A.2d 848, 854 (Pa. 2005). Here, Defendant has failed to establish that his State ID Card was ever in the possession of the Commonwealth, which is certainly a necessary predicate to such a claim.[15] As such, the Court rejects Defendant's assertion of the timeliness exception under 42 Pa.C.S.A. § 9545(b)(1)(i).

Next, the Court must analyze Defendant's claim that the facts upon which his claim is predicated were unknown to him or could not have been ascertained by due diligence prior to

---

[15] In fact, in support of his due diligence requirement, Defendant testified that he made several attempts to obtain his State ID Card, including reaching out to his family several times. This testimony further belies his contention that it was ever in the possession of the Commonwealth. Moreover, to the extent that he might contend some interference on the part of PennDOT, he has likewise failed to adduce any evidence in that regard.

8

February 20, 2014.

To warrant relief, after-discovered evidence must meet a four-prong test:

> (1) the evidence could not have been obtained before the conclusion of the trial by reasonable diligence; (2) the evidence is not merely corroborative or cumulative; (3) the evidence will not be used solely for purposes of impeachment; and (4) the evidence is of such a nature and character that a different outcome is likely. *Commonwealth. v. Dennis*, 552 Pa. 331, 715 A.2d 404 (1998). At an evidentiary hearing, an appellant must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted.

Commonwealth v. Rivera, 939 A.2d 355, 359 (Pa. Super. 2007).

In the instant matter, Defendant has failed to establish the first prong of the foregoing test. Although he testified at length with regard to his efforts to obtain his State ID Card after trial, he failed to establish that it was not in his possession at the time of trial. In Commonwealth v. Morris,[16] the appellant claimed that the Commonwealth withheld exculpatory evidence, and as a result, he qualified for the exception to the PCRA timeliness requirement of 42 Pa. C.S.A. § 9545(b). The court held that appellant failed to make clear that trial counsel did not have access to this information at the time of trial. Morris, 822 A.2d at 696. The court further set forth that appellant did not make clear that the information complained of was not available at trial or that defense counsel could not have uncovered this evidence with reasonable diligence. Id. Thus, appellant failed to establish whether the claim was raised within sixty (60) days of the time it could have been presented as required by 42 Pa. C.S.A. § 9545(b)(2), since the evidence was available at the time of trial. Morris, 822 A.2d at 696.

In the case at bar, Defendant cannot demonstrate that neither he, nor his trial counsel,

---

[16] Commonwealth v. Morris, 822 A.2d 684 (Pa. 2003).

9

was denied access to his State ID Card at the time of his trial. Defendant simply articulated that he "...didn't think to say to [Attorney Sletvold][17] well, get access to my state identification card." [N.T. 16:6-14, August 6, 2014]. Defendant never claims that Attorney Sletvold did not have access to his State ID Card or that the Commonwealth withheld the same from Attorney Sletvold or Defendant.

Moreover, Defendant has failed to demonstrate that the presentation of his State ID Card to the jury likely would have affected the outcome of the trial. As noted, the record establishes that Defendant's State ID Card was issued on November 6, 2001, and the murder in this case occurred on March 11, 2002. It is Defendant's contention that had his State ID Card been presented at trial, it would have established what he looked like more than four (4) months after the photo was taken. This argument is wholly untenable.

"Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact." Commonwealth v. Weakley, 972 A.2d 1182, 1188 (Pa. Super. 2009). Certainly, evidence of what Defendant looked like four (4) months prior to the killing could be admissible, but because it may not have any bearing on what he looked like at the time of the killing, this Court finds it preposterous that the presentation of his State ID Card could have had any bearing on the outcome of his trial.

Although nearly two (2) years had elapsed from the killing, the jury was free to observe Defendant, listen to the description given by the eye-witness, and compare their observations of Defendant with this description and with the composite sketch presented at trial. Defendant could have produced any number of photos depicting himself in the time before the killing as

---

[17] Attorney Robert Sletvold was Defendant's trial counsel.

10

well as the time after, but certainly, the only relevant and potentially exculpatory photograph would be one in close temporal proximity to the time of the killing.

Due to the above analysis, this Court rejects Defendant's assertion of after-discovered evidence under 42 Pa. C.S.A. § 9543 (b)(1)(ii). As such, the instant Petition is deemed untimely.

WHEREFORE, this Court enters the following Order:

11